■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP WORLEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered March 12, 1981, convicting him of

robbery in the first degree, upon a plea of guilty, and sentencing him, as a second felony offender, to a term of 6 to 12 years' imprisonment. Judgment affirmed. The defendant argues that the court did not afford him a full hearing on the issue of determining whether or not he was a second felony offender. At the time the plea was taken, on October 21, 1980, the defendant was informed that if it were subsequently determined that he was a predicate felon, he would receive a 6- to 12-year sentence, rather than the 4- to 12-year sentence agreed upon following plea negotiations. Subsequently, on March 12, 1981, a hearing was held to determine whether or not the defendant was a second felony offender. The prior felony was a 1975 conviction for which the defendant was represented at the plea by an attorney who was subsequently suspended from the practice of law. Defense counsel argued that at the sentencing on the prior case the defendant was not adequately represented by counsel because he was represented by an attorney from Legal Aid who was totally unfamiliar with the matter and made no attempt to have the defendant sentenced as a youthful offender. At the hearing, defense counsel was apparently prepared with whatever he wanted to present because he told the court: "I did present the Court with the material that I have accumulated in investigating this matter". This material included the minutes of the prior plea and sentence, a letter from the Appellate Division indicating when the defendant's prior attorney had been suspended and reinstated, and some affidavits identifying that attorney as the one who represented the defendant. After considering this evidence, the court held that the prior sentence had been improperly imposed, and adjudicated the defendant a second felony offender. In view of the foregoing, we cannot agree with the assertion in the defendant's brief that he was not afforded a full hearing. Defense counsel had almost five months from the time of the plea (October 21, 1980) until the hearing (March 12, 1981) to prepare his case. As noted before, he apparently was well prepared and intended to rely solely on the evidence he submitted, without calling any witnesses. Moreover, at no time did counsel object to the manner in which the hearing was being conducted or request an adjournment in order to obtain additional evidence. Lastly, we agree with the finding of the court that the defendant was not denied the effective assistance of counsel at the prior sentencing. The record reveals that at the time of the prior sentencing there was an off-the-record discussion at which time the suspension of the defendant's attorney was discussed, after which a Legal Aid lawyer was appointed to represent the defendant at the sentencing. At that point the defendant's newly appointed lawyer indicated that he did not have very much familiarity with the case. The court stated that it was either prepared to go ahead with the sentence or adjourn the matter if the defendant wanted an adjournment. The defendant requested to be sentenced immediately. There was then a recess and a number of discussions off the record, whereupon defense counsel informed the court that: "The defendant tells me he is ready to be sentenced today regardless of what was said about the YO". This was followed by more discussion after which the court again offered to adjourn the matter. Once more, the defendant asserted that he wanted to be sentenced immediately. The court then asked the defendant whether he wanted his attorney, who was unfamiliar with the case, to represent him, with the understanding that he would be sentenced to four years as promised to run concurrently with a previous sentence. The defendant answered in the affirmative. Nevertheless the court gave the defendant a further explanation, which the defendant said that he understood. Once more, the court asked the defendant if he wanted to be sentenced at that time, to which the defendant answered in the affirmative. In view of the foregoing, it cannot be said that there was ineffective representation of the defendant at the

1975 sentencing. It was the defendant who insisted upon being sentenced at that time, in spite of a number of offers by the court to adjourn the matter. Likewise, it should be noted that the defendant was not unaware of the long-range consequences of denial of youthful offender treatment because he asserted that he was "ready to be sentenced today regardless of what was said about the YO". For all the foregoing reasons, the defendant was properly adjudicated a second felony offender. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.